IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DARRELL W. PHILLIPS                                                                         PETITIONER

V.                                                               CIVIL ACTION NO.2:10CV203-MPM-JAD

WARDEN JESSIE STREETER, et al.                                                     RESPONDENTS

REPORT AND RECOMMENDATION

The petitioner in this habeas action has filed a motion for a preliminary injunction [7 ]. The petitioner was arrested in Mississippi and jailed. He subsequently posted bond and was released. He was arrested in Tennessee within a matter of days and spent a considerable period of time in Tennessee jails. He then pled guilty to charges in Mississippi and was sentenced to serve five years with the Mississippi Department of Corrections. He asserts that he should be credited on his Mississippi sentence for the time served in Tennessee jails. With such a credit applied against his sentence, he alleges that his sentence would have expired in December of 2010.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). While the granting or denial of a motion for injunctive relief rests in the sound discretion of the trial court, *Canal Authority of State of Florida* , 489 F.2d at 572, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id*. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the relief is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting injunctive relief

will not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621.

The undersigned finds that under existing case law there is not a substantial likelihood that the plaintiff will prevail on the merits. It appears that the question of any credits for time served is a matter of state law and not cognizable before this court on a federal habeas petition. Additionally the Mississippi Court of Appeals has already held that Mississippi state law does not provide for the crediting of time spent awaiting trial in other states against a Mississippi sentence. A review of the state's response from the state indicates that none of the claims raised in this petition have been presented to the Mississippi Supreme Court. It therefore appears that Phillips has failed to exhaust his remedies and is not likely to prevail on the merits.

The undersigned therefore recommends that the motion for a preliminary injunction [11] be denied.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 23rd day of June, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE